UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 11-191 (MJD/FLN)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) GOVERNMENT'S RESPONSE TO |
| v. | ) DEFENDANT'S POSITION WITH |
| | ) RESPECT TO SENTENCING |
| AHMED HUSSEIN MAHAMUD, | ) FACTORS |
| | ) |
| Defendant. | ) |

The United States of America, by and through its attorneys B. Todd Jones, United States Attorney for the District of Minnesota, Assistant United States Attorneys Charles J. Kovats, Jr., John Docherty, LeeAnn K. Bell, and Department of Justice Trial Attorney William M. Narus hereby submits its Response to Defendant's Position with Respect to Sentencing Factors (the "Defendant's Position").

**I.    INTRODUCTION**

In the Defendant's Position, the defendant makes several objections to the Presentence Report ("PSR"). The government responds to each below.

**A. The PSR's Characterization of the Defendant as a Facilitator**

The defendant objects to the use of the term "facilitator" to describe his role in the conspiracy. (Defendant's Position at 3-4). In so objecting, the defendant defines the verb "facilitate" as "to make easier or to help bring about" and suggests the defendant's conduct was too insignificant to facilitate anything. (*Id.* at 4). The government does not oppose the defendant's objection to the use of the term "facilitate" to describe his

conduct, nor will the government suggest an alternative term herein. A one-word characterization of his conduct is not necessary because the Court, through the defendant's guilty plea and trial testimony, well knows what the defendant did. In summary, the defendant (1) raised money under false pretenses with several men whom he knew wanted to use the money to join the foreign terrorist group, al Shabaab; (2) sent money on two occasions to a friend and member of al Shabaab; and (3) solicited money from an al Shabaab supporter on behalf of his friend and al Shabaab member.

**B.     The Defendant's Role in the Offense**

The defendant objects to the USPO's failure include a downward role adjustment in the PSR because his "role and actual participation was minor." (*Id.*). In support of his objection, the defendant included a long list of roles and responsibilities – many of which were necessary and central to the viability of the conspiracy – he did not perform. "The defendant did not plan any travel, did not buy airline tickets, did not convince anyone to go, did not drive anyone to the airport, and did not attend any farewell dinner. He knew nothing of the travel arrangements or the goodbyes. He did not travel to Somalia. He did not visit the travelers in Somalia. He did not attend an al Shabaab training camp. He did not fight in Somalia." (*Id.* at 6).

The government agrees the defendant did not do what he says he did not do. However, the government believes a downward adjustment is not warranted because of what the defendant did do. He raised money to send fighters to join al Shabaab. He sent money to a member of al Shabaab. He solicited another to send money to a member of al

Shabaab. And, demonstrating his then-commitment to the cause, he did so over a period of nearly two years. Further, the government does not find it mitigating that the member of al Shabaab is a friend of the defendant, nor that the amount of money the defendant supplied to support a terrorist organization is less than some might think it should be to warrant a prosecution.

### C.   The PSR Correctly Applied the Adjustment Pursuant to § 3A1.4

In objecting to the application of the § 3A1.4 adjustment, the defendant alleges that the "presentence report has not given this court sufficient reason that Mr. Mahamud's motive in providing material support was to influence or affect government conduct by intimidation or coercion, or to retaliate against government conduct." (*Id.* at 7). The government disagrees. The PSR is replete with facts that show the object of the conspiracy, of which the defendant was a member, was to kill Ethiopian troops, members of the TFG, and others who supported the TFG. Moreover, in the Government's Sentencing Papers, at Attachment 5, there is ample evidence to show the defendant's dislike of the "apostate" government of Somalia and his desire to see that government toppled.

The defendant also argues that the application of the § 3A1.4 adjustment is crude and "contrary to the mission of the guidelines." (*Id*. at 8). Of course the government disagrees with the defendant's view. However, whether the § 3A1.4 adjustment results in a sentence that is *inappropriate* for the defendant is a different issue than whether the

adjustment applies. On these facts, the § 3A1.4 adjustment applies. The Court is free to determine whether an appropriate sentence for this defendant is a guideline sentence.

## III. CONCLUSION

The Guideline sentencing range for the offense to which the defendant pleaded guilty would be 360 months' to life imprisonment but for the limitation provided by the 180-month statutory maximum. Because the PSR correctly calculated the defendant's guideline range, the defendant's objections should be denied.

Dated: May1, 2013                              Respectfully Submitted,

                                               B. TODD JONES
                                               United States Attorney

                                               *s/ Charles J. Kovats, Jr.*

                                               CHARLES J. KOVATS, JR.
                                               JOHN DOCHERTY
                                               LEEANN K. BELL
                                               Assistant United States Attorneys

                                               *s/ Charles J. Kovats, Jr.*

                                               for WILLIAM M. NARUS
                                               Trial Attorney
                                               U.S. Department of Justice